**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**UNITED STATES OF AMERICA**                                         **PLAINTIFF**

**v.**                       **CASE NO. 08-20006**

**MILTON LEROY BARTLETT**                                          **DEFENDANT**

## ORDER

Before the Court is Defendant's Motion to Dismiss Indictment and Brief in Support (Doc. 11), and the United States' Response to Defendant's Motion to Dismiss Indictment (Doc. 12).

Defendant was charged in the indictment with failure to register pursuant to 18 U.S.C. § 2250, the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. § 16901 et seq. ("Adam Walsh Act"). This act concerns a defendant who "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"). Defendant contends the indictment is defective in two ways. One, Defendant was never notified of his requirement to register under SORNA, as required by SORNA's own provisions. Two, Defendant asserts that retroactive application of the law would violate the United States Constitution's prohibition against *ex post facto* laws.

Since its enactment in 2006, 18 U.S.C. § 2250 has been challenged across the country. Several courts, including this

**AO72A**
**(Rev. 8/82)**

one, have recently addressed arguments similar to those raised by Defendant. Defendant's first argument concerns his lack of knowledge of the requirement to register as a sex offender under Section 2250. Defendant contends he was not informed of his duties under SORNA as required by the statute. However, Section 2250 requires the defendant "knowingly fail[ed] to register or update a registration as required by the Sex Offender Registration and Notification Act." A defendant is required by SORNA to comply with registration obligations as imposed by other laws. SORNA also imposes its own registration obligations in some instances. The Defendant was informed in 2000 and 2005 of his obligation to register as a sex offender under Washington and Arkansas notification laws. An Arkansas Sex Offender Registration and Notification form signed by the defendant on July 15, 2005, and an Arkansas Verification of Residency form signed by defendant on January 24, 2007, detail registration requirements. Although this notice was prior to the enactment of SORNA, a violation of SORNA requires that a defendant knowingly failed to register or update a registration. A defendant can violate the law by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law.

In *United States of America v. Madera*, No. 6:06CR202 ORL18KRS, 2007 WL 141283 (M.D. Fl. Jan. 16, 2007) the defendant

sought dismissal of an indictment for failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) and the Walsh Act.  In *Madera*, the Defendant signed a sexual registration form from New York dated May 1, 2006, which was prior to the enactment of SORNA.  This form informed the defendant he must register as a sex offender within ten days of establishing a residence if he moved to another state.  The *Madera* court found the defendant was "on fair notice that he was required to register as a sex offender." *Madera*, *4.  Accordingly, no new duties were imposed by SORNA nor did SORNA impair any rights of the defendant when he failed to register.  The same is true in our case as Defendant knew he was under an obligation to register and no new duties were given to him.  This Court held the same in *United States v. Manning,* 2007 WL 624037 (W.D. Ark., Feb. 23, 2007) and *United States v. Markel,* 2007 WL 1100416 (W.D. Ark., April 11, 2007).  The defendants in both *Manning* and *Markel,* were charged with failing to register under SORNA, in violation of 18 U.S.C. § 2250.  The defendants asserted that the retroactive application of the law violated the prohibition against ex post facto laws and that they were not notified of their requirement to register under SORNA.  In our case, Defendant was clearly under a state requirement to register as a sex offender.  As this court stated in *Manning*, "[a] defendant can violate the law by failing to register or update a SORNA

3

imposed registration obligation or a registration obligation imposed by another law." Moreover, the Supreme Court has held that ignorance of the law is generally no excuse to break the law, even in offender registration contexts, where the necessity of registration is likely to be known. *See Lambert v. California*, 355 U.S. 255 (1957).

This Court has previously ruled that SORNA is not an *ex post facto* law as have the majority of district courts that have considered the issue. *See United States v. Mason*, 2007 WL 1521515 (M.D. Fla. May 22, 2007); *United States v. Hinen*, 2007 WL 1447853 (W.D. Va. May 12, 2007); *United States v. Markel*, 2007 WL 1100416 (W.D. Ark. Apr. 11, 2007); *United States v. Manning*, 2007 WL 624037 (W.D. Ark. Feb. 23, 2007); *United States v. Templeton*, 2007 WL 445481 (W.D. Okla. Feb. 7, 2007); *United States v. Madera*, 474 F. Supp.2d 1257 (M.D. Fla. 2007).

For the above stated reasons, Defendants Motion to Dismiss Indictment (Doc. 11) is **DENIED** and this matter remains set for a jury trial on Monday, April 7, 2008.

IT IS SO ORDERED this 13th day of February, 2008.

                                                /s/ Robert T. Dawson
                                                Robert T. Dawson
                                                United States District Judge